UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DERRICK POWE,

      Defendant.

Case No. 08-cr-134-pp

---

**ORDER REGARDING DEFENDANT'S LETTER REQUEST FOR CLARIFICATION OF RESTITUTION (DKT. NO. 142)**

---

On February 20, 2018, the court received a letter from the defendant. Dkt. No. 142. He indicates that he is housed at U.S.P. Lompoc, and that the records at Lompoc show that he owes a balance of $346,030 in restitution. The defendant indicates, however, that he has a $68,772.30 credit toward that balance, and thus, the BOP's records about what he owes are incorrect. In support of this assertion, he directs the court to the docket in his 2013 *habeas* case. See Derrick G. Powe v. United States, 13-cv-267-RTR. In the government's response to the defendant's motion to vacate, correct or set aside his sentence in that case, the government stated, "According to the District Court Clerk's Office, Derrick Powe paid $100 toward his restitution and has received credit of $68,772.30 towards the amount restitution owed. As a result, his current restitution balance is $278,482.70." Powe v. U.S., 13-cv-267-RTR, dkt. no. 4 at 4.

1

The court has asked the clerk's office to provide a balance on the restitution; it has included the responding Case Inquiry Report with this order. The court also has provided a copy of the instructions for how to get a balance inquiry; the defendant can give these instructions to the BOP, so that they can check the balance themselves. If the defendant or the BOP have questions about the balance shown on the report, they should write a letter to the clerk's office, addressed to the attention of the financial department.

The defendant indicates that each month, the institution takes money out of his account, to pay toward his restitution. The court has reviewed the amended order of judgment Judge Randa issued on May 31, 2011. Dkt. No. 117, United States v. Powe, 08-cr-134-RTR. On page 7 of the judgment, under "Schedule of Payments" at paragraph F, Judge Randa ordered that the defendant could pay his restitution from his prison earnings "in compliance with the Inmate Financial Responsibility Program in payment of Restitution." Dkt. No. 117 at 7. And it appears, from the case inquiry report that the clerk's office provided, that the clerk's office has been receiving $25 per month from the defendant. But the defendant attached to his motion a copy of his IRP—his individualized reentry plan—dated June 16, 2017. Dkt. No. 142 at 3. At the bottom of that document, under "Most Recent Payment Plan," the plan indicates that the defendant *refused* to participate in the Inmate Financial Responsibility Program, and *refused* any assignment of his pay toward his restitution. This seems to conflict with what the defendant believes is happening, and what the clerk's office's records show. The defendant may want

to check this with the officials at Lompoc. (The court has attached a copy of the amended judgment for the defendant's review.)

The defendant also states that Judge Randa ordered him to pay the restitution jointly and severally with his co-defendant. He says, "I guess what I'm asking you is after this restitution order is divided between the (2) two Co-defendants," he wants to know how much he will owe. The court encourages the defendant to speak to someone with legal training—perhaps by reaching out to the lawyer who represented him in the original case—for information about what it means when a court orders a financial obligation to be paid "jointly and severally."

Finally, the plaintiff asks whether he can have a "payment plan, set up through [his] Sister who resides . . . in the State of Wisconsin, were as [sic] I do not have to continue to pay from earning nor money that is sent to me from family and friends." Judge Randa ordered that the defendant's restitution was due immediately, but stated that he "may" pay the restitution through his prison earnings, rather than paying it in one lump sum at one time. The defendant may continue to pay through the deductions from his prison account, but he also can make direct payments, if he chooses to do so. The court has included information about how to make payments to the clerk's office. And once the defendant is released from custody, Judge Randa's judgment order indicates that the defendant can make payments against the

balance at the rate of $100 a month.

The court will take no further action on the defendant's letter.

Dated in Milwaukee, Wisconsin this 26th day of February, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**